IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ELENA RAAB,                           )
                                      )
            Plaintiff,                )    TC-MD 111068N
                                      )
      v.                              )
                                      )
DEPARTMENT OF REVENUE,                )
State of Oregon,                      )
                                      )
            Defendant.                )    **DECISION**

Plaintiff appealed Defendant's Conference Decision and Notice of Deficiency

Assessment, dated July 12, 2011, for the 2006 tax year. The parties filed a Joint Stipulation of

Facts on February 17, 2012. Trial in this matter was held in the Tax Courtroom on May 2, 2012.

Sidney C. Hodges (Hodges), CPA, and Anne Prior (Prior), CPA, appeared on behalf of Plaintiff.

Prior testified on behalf of Plaintiff. Plaintiff did not appear or testify on her own behalf. Greg

Hefner and John Koehnke (Koehnke), Tax Auditors, appeared on behalf of Defendant. Koehnke

testified on behalf of Defendant. Plaintiff's Exhibits 1 through 5 were received without

objection.[1] Defendant's Exhibits A through J were offered and received without objection.

## I. STATEMENT OF FACTS

As early as August 20, 2006, Plaintiff was the sole member of Impact Cubed LLC

(Impact Cubed). (Def's Ex J.) The parties agree that Impact Cubed

> "was not a business, but an investment subject to capital gain/loss treatment. The
> capital gain income realized is associated with the property located at 2828 131st
> street in Portland, Oregon. This property was purchased on July 22, 2005, for
> $159,000 by Impact Cubed LLC per contract agreement. The property was
> subdivided into two lots. Both lots sold on November 3, 2006. Of the two
> properties, the vacant lot sold for $80,000 and the house lot sold for $177,500."

---

[1] Plaintiff offered two, additional exhibits labeled "Equitable Split" and "Resolution." Defendant objected
and the court excluded the exhibits as not timely exchanged under Tax Court Rule-Magistrate Division 10 C.

(Joint Stip Facts at 1.) After receiving additional information from Plaintiff, Koehnke determined: "All cost for sale of property is allowed in full and an additional cost for improvements have been added to the cost basis[.]" (*Id.* at 2.) He agreed that a "transcriptional error" stating the sale price as $179,500, not $177,500, should be corrected. (*Id.* at 3.)

Based on the parties' stipulation, Plaintiff's total basis in the property was $170,652 and her capital gain from the sale was $63,393. (Joint Stip Facts at 3.) The parties dispute Plaintiff's claimed "Mortgage Interest" payments of $11,220; "Cost of Improvements" of $9,176; payments to "Z-Tec" of $900; and "Payoff contract of sale to Real Estate People" of $30,000. (*Id.* at 6.) When questioned by the court at trial, Hodges stated that Plaintiff did not submit any evidence pertaining to her claimed "Cost of Improvements" of $9,176 or payments to "Z-Tec" of $900.

A.    *Mortgage Interest*

Prior testified that Impact Cubed was originally owned by Brenda A. Ruffner. On or around July 18, 2005, Impact Cubed sold "49% of its private stock ownership" to George Quillen (Quillen) for $1.00. (Ptf's Ex 1 at 1-2.) On July 22, 2005, Impact Cubed entered into a Land Sales Contract with "131st Avenue House Windham Living in South East Portland" (Windham Living) for the purchase of "2828 SE 131st Ave, Portland, OR 97236." (Ptf's Ex 2 at 2.) The Land Sale Contract states that Impact Cubed agrees to pay $159,000, of which $15,000 was paid "upon execution of [the] Agreement" and $144,000,

> "including Zero (0.00%) discount points to the mortgage, with interest at the rate of 7.99% per annum, in monthly installments of * * * $960.00, being principal and interest, beginning on the July 22, 2005, and continuing on the 1st day of each and every month thereafter, for a period of 360 months[.]"

(*Id.* at 2; *see also id.* at 4 ("Note to Secure land Sales Contract").) Prior noted that the "Residential Real Estate Sale Agreement" states "Payments of $960.00 per month - interest

/ / /

only." (Def's Ex C at 3.) Hodges stated that the 7.99 percent interest on the principal of $144,000 is about $960.[2]

In the "Memorandum of Land Sales Contract," the agent for Windham Living, "R Ohlson," was crossed out and the name "I. Uttamchanjani" is handwritten in its place. (Ptf's Ex 2 at 6.) Prior testified that I. Uttamchanjani is "Ishwar" and that he required Impact Cubed to make mortgage interest payments by cash or cashier's check only. (*See* Ptf's Ex 3 at 1.)

Prior testified that, at some point in 2006, Impact Cubed lapsed and Plaintiff reinstated it as a single member LLC; for federal tax purposes, profits and losses pass through to Plaintiff. (*See* Def's Ex J at 1.) She testified that Plaintiff registered Impact Cubed with the Oregon Secretary of State on or about August 18, 2006, and created a new Operating Agreement. (*Id.* at 1-3.) Prior noted that the Operating Agreement names Quillen as manager of Impact Cubed if Plaintiff "dies or is unable to act" and states that Plaintiff "may delegate to another person the authority to perform specified acts on behalf of [Impact Cubed]." (*Id.* at 1.)

Koenhke testified that the only evidence that Defendant received from Plaintiff of mortgage interest payments were six cash receipts from for monies received from George Quillen, George, and George Q and an "Official Check," dated November 1, 2005, for $960 from George H. Quillen III to Missing Link Real Estate. (Def's Ex F.) The cash receipts are in the amounts of $480 on "5/3/06," $2,900 on "5/8/06," $960 on "6/2/06," $500 on "July 13th 2006," $960 on "Aug 1/06," and $960 on "Sept 5/06." (*Id.* at 1-2.) Five of the six receipts state "2828 SE 131st " or "131st." (*Id.*) Koenhke testified that the receipts and check total $7,720, not $11,220 as claimed by Plaintiff. He testified that it is not clear who was paid or for what purposes.

---

[2] $144,000 x 7.99% = $11,505.60 per year, or $958.80 per month.

B.    *"Payoff" to Real Estate People*

Prior testified that, shortly before the November 3, 2006, sale of the two lots, Impact Cubed signed a "Hold Funds Agreement" asking the title company to hold $30,000 in escrow. (Ptf's Ex 4 at 1.)  The stated purpose is "For Completion of payment of debts."  (*Id.*)  Prior testified that the $30,000 was to be paid to the Ruffners for their "profit share" in Impact Cubed.  As additional evidence of the payment, she noted that the First American Title Insurance Company of Oregon "Final Statement" includes "Payoff Contract of sale to Real Estate People" of $30,000.  (Def's Ex C at 6, 7.)  The final statement states the "Name of Borrower" as Trevor T. Raab and the "Name of Seller" as Real Estate People LLC.  The $30,000 "Payoff Contract to Real Estate People" is listed as an "Additional Settlement Charge[.]"  (*Id.*)

## II. ANALYSIS

The issue before the court is Plaintiff's gain from the November 3, 2006, sale of property located at 2828 131st street in Portland, Oregon.  Specifically, the parties dispute Plaintiff's adjusted basis in that property.  "The Oregon Legislature intended to make Oregon personal income tax law identical to the [IRC] for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law."  *Ellison v. Dept. of Rev.*, TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005); ORS 316.007.[3]

IRC section 1001(a) states, in pertinent part, that "[t]he gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain * * *."  Under IRC section 1011(a), "[t]he adjusted basis for determining gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis" determined under sections 1012 and 1016.  "The basis of

---

[3] All references to the Oregon Revised Statutes (ORS) are to 2005.  References to the Internal Revenue Code (IRC) are to the 1986 code with updates applicable through 2006.

property shall be the cost of such property * * *." IRC § 1012. "Proper adjustment in respect of the property shall in all cases be made -- (1) for expenditures, receipts, losses or other items, properly chargeable to capital account * * *." IRC § 1016(a).

During the audit examination stage, taxpayers must stand ready to produce "any books, papers, records or memoranda bearing upon [any] matter required to be included in the return[.]" ORS 314.425(1). When the dispute moves to the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. This court has previously ruled that a "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). In an income tax appeal, this court has authority to determine the correct amount of the deficiency, "even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue[.]" ORS 305.575.

The parties agree that Plaintiff realized a gain from the November 3, 2006, sale of property located at 2828 131st street in Portland, Oregon. The parties further agree that Plaintiff's adjusted basis in the property was at least $170,652. Plaintiff contends that the basis in the property should be further increased to include claimed mortgage interest payments of $11,220 and a "payoff contract of sale to Real Estate People" of $30,000.

Plaintiff has not established by a preponderance of the evidence that the basis in property located at 2828 131st street in Portland, Oregon should be adjusted for either the claimed mortgage interest payments or for the payoff to Real Estate People. The only evidence presented

/ / /

in support of Plaintiff's claimed mortgage interest payments of $11,220 are six cash receipts. (*See* Ptf's Ex J.) As noted by Koenhke, the receipts total $7,720, not Plaintiff's claimed $11,220.

Plaintiff argues that, because no action was taken to foreclose upon the property, the court may infer that mortgage interest must have been paid. Noting that Plaintiff had authority under the Impact Cubed Operating Agreement to delegate duties to others, Plaintiff asks the court to find that the cash receipts from Quillen were mortgage interest payments made on behalf of Impact Cubed. That is problematic for several reasons: first, neither Plaintiff nor Quillen testified at trial or provided any clear evidence as to whether or when mortgage interest payments were made or by whom; and, second, the Operating Agreement for Impact Cubed naming Plaintiff the sole member was not signed until August 18, 2006, whereas all but one of the cash receipts from Quillen are dated prior to August 18, 2006. It is unclear to the court what authority Plaintiff had with respect to Impact Cubed prior to August 18, 2006. The evidence in support of Plaintiff's claimed payoff of $30,000 to Real Estate People LLC is similarly unclear and inconclusive.

Prior testified concerning events and documents about which she has no personal knowledge; her testimony is unreliable for that reason. Hodges stated Plaintiff did not wish to testify, in part, because the relationship between the individuals involved in the acquisition and subsequent sale of the Impact Cubed property was "argumentative" and "tenuous," as is evident from exhibits submitted by Plaintiff. (*See generally* Ptf's Ex 3.) Unfortunately, without Plaintiff's testimony, the evidence presented concerning claimed mortgage interest payments of $11,220 and the $30,000 payoff to Real Estate People is confusing and speculative.

/ / /

/ / /

### III. CONCLUSION

Based on the parties' Joint Stipulation of Facts, Plaintiff's 2006 tax year capital gain from the sale of property located 2828 131st street in Portland, Oregon was $63,393. Plaintiff failed to carry her burden of proof with respect to additional adjustments to the cost basis for claimed mortgage interest payments of $11,220; a "payoff" to Real Estate People of $30,000; a payment to "Z-Tec" of $900; or improvements of $9,176. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff realized capital gain of $63,393 from the sale of property for the 2006 tax year.

Dated this ____ day of July 2012.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on July 31, 2012. The Court filed and entered this document on July 31, 2012.*